

**CT Corporation**
**Service of Process Notification**
05/02/2025
CT Log Number 549033021

## Service of Process Transmittal Summary

**TO:** STEPHANIE MITCHELL, Litigation Counsel
SIEMENS ENERGY & AUTOMATION, INC.
4800 N POINT PKWY STE 450
ALPHARETTA, GA 30022-3732

**RE:** Process Served in Massachusetts

**FOR:** Siemens Industry, Inc.  (Domestic State: DE)

**ENCLOSED ARE COPIES OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY AS FOLLOWS:**

| | |
|---|---|
| **TITLE OF ACTION:** | Re: VERMONT MUTUAL INSURANCE CO. (as subrogee of Wayside Apartments, LLC) // To: Siemens Industry, Inc. |
| **CASE #:** | 2582CV00359 |
| **NATURE OF ACTION:** | Property Damage Litigation |
| **PROCESS SERVED ON:** | C T Corporation System, Boston, MA |
| **DATE/METHOD OF SERVICE:** | By Process Server on 05/02/2025 at 09:58 |
| **JURISDICTION SERVED:** | Massachusetts |
| **ACTION ITEMS:** | CT has retained the current log, Retain Date: 05/02/2025, Expected Purge Date: 05/07/2025 |
| | Image SOP |
| | Email Notification,  STEPHANIE MITCHELL  stephanie.mitchell@siemens.com |
| | Email Notification,  DOREEN POOLE  doreen.poole@siemens.com |
| | Email Notification,  Barbara Kotick  barbara.kotick@siemens.com |
| | Email Notification,  Nicholas Bruno  nicholas.bruno@siemens.com |
| | Email Notification,  Richard O'Connor  richard.oconnor@siemens.com |
| | Email Notification,  SKIP LOCKARD  skip.lockard@siemens.com |
| | Email Notification,  Service Of Process Legal Department  serviceofprocess.legaldepartment.us@siemens.com |
| | Email Notification,  Shawn Dorvit  shawn.dorvit@siemens.com |
| | Email Notification,  CRAIG LANGLEY  langley.craig@siemens.com |
| | Email Notification,  MIKE DILLON  michael.dillon@siemens.com |
| **REGISTERED AGENT CONTACT:** | C T Corporation System
155 Federal Street
Suite 700
Boston, MA 02110
877-564-7529
MajorAccountTeam1@wolterskluwer.com |



**CT Corporation**
**Service of Process Notification**
05/02/2025
CT Log Number 549033021

The information contained in this Transmittal is provided by CT for quick reference only. It does not constitute a legal opinion, and should not otherwise be relied on, as to the nature of action, the amount of damages, the answer date, or any other information contained in the included documents. The recipient(s) of this form is responsible for reviewing and interpreting the included documents and taking appropriate action, including consulting with its legal and other advisors as necessary. CT disclaims all liability for the information contained in this form, including for any omissions or inaccuracies that may be contained therein.



# PROCESS SERVER DELIVERY DETAILS

**Date:** Fri, May 2, 2025
**Server Name:** Drop Service

| Entity Served | SIEMENS INDUSTRY, INC. |
|---|---|
| Case Number | 2582CV00359 |
| Jurisdiction | MA |

| Inserts | | |
|---|---|---|
| | | |



(TO PLAINTIFF'S ATTORNEY: PLEASE CIRCLE TYPE OF ACTION INVOLVED:
TORT - MOTOR VEHICLE TORT - CONTRACT -
EQUITABLE RELIEF - OTHER)

## COMMONWEALTH OF MASSACHUSETTS

NORFOLK, ss.                                                                                           SUPERIOR COURT
                                                                                                       CIVIL ACTION

                                                                                                       NO. 2582CV00359

Vermont Mutual Insurance Co. (as subrogee of Wayside Apartments, LLC) , Plaintiff(s)

v.

Siemens Industry, Inc , Defendant(s)

## SUMMONS

To the above-named Defendant: Siemens Industry, Inc.

You are hereby summoned and required to serve upon Shannon D. Resnick, plaintiff's attorney, whose address is 175 Derby St, Unit 8, Hingham, MA 02043, an answer to the complaint which is herewith served upon you, within 20 days after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint. You are also required to file your answer to the complaint in the office of the Clerk of this court at Dedham either before service upon the plaintiff's attorney or within a reasonable time thereafter.

Unless otherwise provided by Rule 13(a), your answer must state as a counterclaim any claim which you may have against the plaintiff which arises out of the transaction or occurrence that is the subject matter of the plaintiff's claim or you will thereafter be barred from making such claim in any other action.

WITNESS,   Michael D. Ricciuti, Esquire   , at ................................ the ................................

day of ................................................., in the year of our Lord two thousand and ................................

................................................. Clerk.

NOTES:
1. This summons is issued pursuant to Rules 4 of the Massachusetts Rules of Civil Procedure.
2. When more than one defendant is involved, the names of all such defendants should appear in the caption. If a separate summons is used for each such defendant, each should be addressed to the particular defendant.

F-33

A true copy Attest:
Joseph P. Casey
5-2-25
Deputy Sheriff Suffolk County

## PROOF OF SERVICE OF PROCESS

I hereby certify and return that on .........................................., 20    , I served a copy of the within summons, together with a copy of the complaint in this action, upon the within-named defendant, in the following manner (See Mass. R. Civ. P. 4 (d) (1-5):

..............................................................................................................................................

..............................................................................................................................................

..............................................................................................................................................

Dated:                          , 20      ..............................................................................

**N. B.  TO PROCESS SERVER:-**
   **PLEASE PLACE DATE YOU MAKE SERVICE ON DEFENDANT IN THIS BOX ON THE ORIGINAL AND ON COPY SERVED ON DEFENDANT.**

|  |
|---|
| , 20 |

COMMONWEALTH OF MASSACHUSETTS
NORFOLK, ss.

SUPERIOR COURT
CIVIL ACTION
NO.

........................., *Plaintiff*

v.

........................., *Defendant*

SUMMONS
(Mass. R. Civ. P.4)

COMMONWEALTH OF MASSACHUSETTS

| | |
|---|---|
| NORFOLK, SS | SUPERIOR COURT<br>CIVIL ACTION NO. 2582CV00359 |

| | |
|---|---|
| VERMONT MUTUAL INSURANCE CO.<br>(as subrogee of Wayside Apartments, LLC)<br>　　　　　Plaintiff<br><br>vs.<br><br>SIEMENS INDUSTRY, INC.,<br>　　　　　Defendant | **FIRST AMENDED<br>COMPLAINT** |

## PARTIES

1. The Plaintiff, Vermont Mutual Insurance Co., (hereinafter "Vermont Mutual") is a duly organized corporation doing business as an insurance company within the Commonwealth of Massachusetts with a place of business located at 89 State Street, P.O. Box 188, Montpelier, Vermont 05601.

2. At all times relevant to this complaint, the Wayside Apartments, LLC (hereinafter "Wayside Apartments") maintained a contract of insurance with Vermont Mutual for its property located at 34 Pleasant Street, Salem, Massachusetts.

3. Vermont Mutual made payments to or on behalf of Wayside Apartments under its respective insurance policy for property damage and related losses, and now stands subrogated to the extent of said payments.

4. The Defendant, Siemens Industry, Inc. (hereinafter "Siemens"), was at all times relevant hereto a foreign company doing business in the Commonwealth of Massachusetts and/or derived substantial revenue from goods or services used or consumed within the Commonwealth with its principal place of business at 100 Technology Drive, Alpharetta, GA 30005 and a registered agent in the Commonwealth at CT Corporation System, 155 Federal Street, Ste 700, Boston, MA 02110.

## FACTS

5. On or about February 11, 2024, a property loss occurred at Wayside Apartment's property located at 27-29 Reed Street, Randolph, Massachusetts (hereinafter "Property Loss") as a result of a fire from a Siemens electrical panel.

6. As a result of the subject Property Loss, the property owned by Wayside Apartments was substantially damaged.

7. Wayside Apartments submitted a claim with the Plaintiff Vermont Mutual for property damage and related losses as a result of the Property Loss occurring on or about February 11, 2024.

8. As a result of the subject Property Loss, there was property damage and related losses in excess of Two Hundred Seventy-Two Thousand Three Hundred Fifty-Nine Dollars and Ninety-Three Cents ($272,359.93).

9. In accordance with the terms and conditions of the policy of insurance, the Plaintiff paid Wayside Apartments, or paid on its behalf, over Two Hundred Seventy-Two Thousand Three Hundred Fifty-Nine Dollars and Ninety-Three Cents ($272,359.93) as a result of the subject Property Loss for which it now stands subrogated to the rights of its insured to the extent of said payments.

10. The Property Loss was caused by fire damage due to a defective electrical panel manufactured, distributed and/or sold by Defendant Siemens.

## COUNT ONE - NEGLIGENCE

11. The Plaintiff hereby avers and alleges each and every allegation contained within paragraphs 1 through 10 as if specifically set forth herein.

12. At all material times, Siemens owed a duty of care to the ultimate users and/or recipients of the electrical panel unit it manufactured including the Wayside Apartments in the designing manufacturing, testing, inspecting, marketing, producing selling, and/or distributing of said electrical panel.

13. The subject Property Loss and resulting damages were the direct and proximate result of the Defendant Siemens' negligent breach of its aforesaid duty, including but not limited to Siemens':

   a. failure to use due care in the design, manufacturing, producing, distributing, inspecting, marketing and advertising of said electrical panel;

   b. failure to make or cause to be made reasonable research and/or testing as to the effects or side effects of using the electrical panel an;

   c. failure to otherwise adequately test the electrical panel before manufacturing, providing, distributing, and/or selling the same;

   d. failure to properly and adequately educate the electrical panel operators about the use of said electrical panel;

   e. failure to warn potential and actual users and/or recipients of the potential hazards of said electrical panel; and

    f.  failure to otherwise use due care in the designing, manufacturing, testing, inspecting, marketing, advertising, packaging, provision, distribution and/or sale of said electrical panel.

14. The Defendant Siemens's negligent and/or grossly negligent act(s) directly and proximately caused the subject Property Loss, which caused the property damage and related losses sustained by Vermont Mutual's insured, Wayside Apartments.

## COUNT TWO – BREACH OF IMPLIED WARRANTY

15. The Plaintiff hereby avers and alleges each and every allegation contained within paragraphs 1 through 14 as if specifically set forth herein.

16. The Defendant, Siemens, when it manufactured, sold and/or delivered the aforementioned electrical panel implicitly warranted its merchantability and fitness for the general purpose for which it was intended as well as for the particular purpose of circulating air.

17. Defendant, Siemens, breached the implied warranties as alleged as the electrical panel was not fit for the general purpose for which it was intended nor for the specific purpose of circulating air.

18. Plaintiff's insured, Wayside Apartments, whose use of the electrical panel was foreseeable, was entitled to rely on the implied warranties made by Siemens when the defective electrical panel was placed into the stream of commerce.

19. The Defendant Siemens' breach of the implied warranties directly and proximately caused the subject Property Loss, which caused the property damage and related losses sustained by Vermont Mutual's insured, Wayside Apartments.

## JURY CLAIM

The Plaintiff hereby demands a trial by jury on all issues so triable.

**WHEREFORE**, the Plaintiff seeks judgment against the Defendant in the amount of Two Hundred Seventy-Two Thousand Three Hundred Fifty-Nine Dollars and Ninety-Three Cents ($272,359.93), with interest and costs and such other and further relief as this Court deems fair and just.

                                      Respectfully Submitted, The Plaintiff,
                                      By its Attorney,

                                      */s/ Shannon D. Resnick, Esq.*

                                      Shannon D. Resnick, Esq. (BBO #691375)
                                      Law Office of Shannon D. Resnick, P.C.
                                      175 Derby Street, Unit 8, Hingham, MA 02043

Dated: April 15, 2025  (508) 697-6211 (508) 697-8511 – FAX
sresnick@resnicklawoffices.com

| CIVIL ACTION COVER SHEET | DOCKET NUMBER | Massachusetts Trial Court<br>Superior Court |
|---|---|---|
| | | COUNTY: Norfolk Superior Court (Dedham) |

| Plaintiff: Vermont Mutual Insurance Co. (as subrogee of Wayside Apartments, LLC) | Defendant: Siemens Corporation |
|---|---|
| ADDRESS: 89 State Street, P.O. Box 188, Montpelier, Vermont 05601 | ADDRESS: 200 Massachusetts Avenue NW, Suite 600, Washington, DC 20001 |
| Plaintiff Attorney: Shannon D. Resnick, Esq. | Defendant Attorney: |
| ADDRESS: Law Office of Shannon D. Resnick, P.C.<br>175 Derby Street, Unit 8, Hingham, MA 02043 | ADDRESS: |
| BBO: 691375 | BBO: |

**TYPE OF ACTION AND TRACK DESIGNATION (see instructions section on next page)**

| CODE NO. | TYPE OF ACTION (specify) | TRACK | HAS A JURY CLAIM BEEN MADE? |
|---|---|---|---|
| B04 | Other Negligence - Property Damage | F | ☒ YES   ☐ NO |

*If "Other" please describe:

Is there a claim under G.L. c. 93A?   ☐ YES   ☒ NO
Is there a class action under Mass. R. Civ. P. 23?   ☐ YES   ☒ NO

**STATEMENT OF DAMAGES REQUIRED BY G.L. c. 212, § 3A**

The following is a full, itemized and detailed statement of the facts on which the undersigned plaintiff or plaintiff's counsel relies to determine money damages. (Note to plaintiff: for this form, do not state double or treble damages; indicate single damages only.)

**TORT CLAIMS**

A. Documented medical expenses to date
  1. Total hospital expenses
  2. Total doctor expenses
  3. Total chiropractic expenses
  4. Total physical therapy expenses
  5. Total other expenses (describe below)

Subtotal (1-5): $0.00

B. Documented lost wages and compensation to date
C. Documented property damages to date
D. Reasonably anticipated future medical and hospital expenses
E. Reasonably anticipated lost wages
F. Other documented items of damages (describe below)   $272,359.93
property damage and related losses following fire

TOTAL (A-F): $272,359.93

G. Briefly describe plaintiff's injury, including the nature and extent of the injury:

**CONTRACT CLAIMS**

☐ This action includes a claim involving collection of a debt incurred pursuant to a revolving credit agreement. Mass. R. Civ. P. 8.1(a).

| Item # | Detailed Description of Each Claim | Amount |
|---|---|---|
| 1. | | |
| | Total | |

Signature of Attorney/Self-Represented Plaintiff: X /s/ Shannon D. Resnick     Date: March 31, 2025

RELATED ACTIONS: Please provide the case number, case name, and county of any related actions pending in the Superior Court.

**CERTIFICATION UNDER S.J.C. RULE 1:18(5)**

I hereby certify that I have complied with requirements of Rule 5 of Supreme Judicial Court Rule 1:18: Uniform Rules on Dispute Resolution, requiring that I inform my clients about court-connected dispute resolution services and discuss with them the advantages and disadvantages of the various methods of dispute resolution.

Signature of Attorney: X /s/ Shannon D. Resnick     Date: March 31, 2025

| CIVIL TRACKING ORDER<br>(STANDING ORDER 1- 88) | DOCKET NUMBER<br>2582CV00359 | Trial Court of Massachusetts<br>The Superior Court |
|---|---|---|
| CASE NAME:<br>Vermont Mutual Insurance Co. Subrogee of Wayside Apartments, LLC vs. Siemens Corporation | | Walter F. Timilty<br>Norfolk County |
| TO: Shannon Dunn Resnick, Esq.<br>Law Office of Shannon D. Resnick, P.C.<br>175 Derby St<br>Unit 8<br>Hingham, MA 02043 | | COURT NAME & ADDRESS<br>Norfolk County Superior Court<br>650 High Street<br>Dedham, MA 02026 |

### TRACKING ORDER - F - Fast Track

You are hereby notified that this case is on the track referenced above as per Superior Court Standing Order 1-88. The order requires that the various stages of litigation described below must be completed not later than the deadlines indicated.

**STAGES OF LITIGATION**                                                                                           **DEADLINE**

| | SERVED BY | FILED BY | HEARD BY |
|---|---|---|---|
| Service of process made and return filed with the Court | | 06/30/2025 | |
| Response to the complaint filed (also see MRCP 12) | | 07/29/2025 | |
| All motions under MRCP 12, 19, and 20 | 07/29/2025 | 08/28/2025 | 09/29/2025 |
| All motions under MRCP 15 | 07/29/2025 | 08/28/2025 | 09/29/2025 |
| All discovery requests **and depositions** served and non-expert depositions completed | 01/26/2026 | | |
| All motions under MRCP 56 | 02/24/2026 | 03/26/2026 | |
| Final pre-trial conference held and/or firm trial date set | | | 07/24/2026 |
| Case shall be resolved and judgment shall issue by | | | 03/31/2027 |

**The final pre-trial deadline is not the scheduled date of the conference.** You will be notified of that date at a later time.
**Counsel for plaintiff must serve this tracking order on defendant before the deadline for filing return of service.**
This case is assigned to

| DATE ISSUED<br>03/31/2025 | ASSISTANT CLERK | PHONE<br>(781)326-1600 |
|---|---|---|

Date/Time Printed: 03-31-2025 11:45:53          SCV026\ 08/2018